**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GEORGE WILLIAM MONTGOMERY, JR.** )<br>**ID # 1699766,** )<br>      Petitioner, )<br>vs. )<br>)<br>**WILLIAM STEPHENS, Director,** )<br>**Texas Department of Criminal** )<br>**Justice, Correctional Institutions Division,** )<br>      Respondent. ) | No. 3:13-CV-3805-G (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 and a motion for leave to proceed *in forma pauperis* that were received in the Fort Worth Division of this district on September 16, 2013. (*See* docs. 1, 2.) The petition was transferred to the Dallas Division on September 18, 2013. (*See* doc. 4.) On September 20, 2013, the Court issued a notice of deficiency and order notifying the petitioner that he had not submitted a certificate of inmate trust account (CTA), and that it could not determine his claims from his petition because it was not legible. (*See* doc. 6.) The petitioner was ordered to file a CTA and a legible petition within 30 days, and he was warned that failure to do so could result in a formal recommendation that the case be dismissed. *Id.* More than 30 days from the date of the order have passed, but the petitioner has not filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  By order dated September 20, 2013, the petitioner was given notice that his petition is illegible, and that his claims and/or the basis for those claims could therefore not be determined.  He was ordered to submit a legible petition and to provide a certificate of inmate trust account.  He has failed to submit these documents, and he has not filed anything else or otherwise shown that he intends to proceed with this case in federal court.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the petitioner submits a legible petition and a certificate of trust account within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 18th day of November, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE